BRINKLEY v. TOMENY et als. and LAWRENCE v. TOMENY AND WIFE.

DEED OF MARRIED WOMAN. *Correction of certificate. Clerk. Noatry Public.*
The provision of the Code for correction of a certificate of privy examination by the clerk, by making oath in open court to the truth of such correction, applies to a notary public as well as to a clerk, and the correction may be made upon the notary making the oath required, in the court of another State. It makes no difference that the correction was made after the defective probate had been asserted by the pleadings.
Code cited: Sections 2080, 2082.

FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN, Chancellor.

WRIGHT & FOLKES and HUMES & POSTON for complainants.

PIERCE & DIX for defendants.

FREEMAN, J., delivered the opinion of the court.

The main question in this case is, whether the deed of trust acknowledged by Tomeny and wife to Mrs. Lawrence, stands before us as an effective conveyance, to convey the right of the wife to the realty therein described. It may be conceded for the present that the original acknowledgment, as shown by the certificate of the notary public who took it in the

city of New York, is defective, and that standing on that alone, the deed would not be effective. But this is claimed to have been cured by an amendment and correction of the certificate made by the notary who took it. The sections of the Code bearing on this question are the following: Section 2080 provides for unintentional omissions by the clerk, and that they shall not vitiate the acknowledgment of the substance of the authentication required by law in the certificate. The next section is, if the omission be matter of substance, the clerk, on application of either party interested, may correct such mistake or omission of words in such certificate or any such deed or other instrument. Section 2082 provides, "if any clerk omit any words in the certificate of any privy examination by him taken of a married woman, touching the execution of any deed or other instrument by her executed, he may at any time, on application of either of the parties interested, correct such error or mistake, making oath in open court to the truth of such correction."

In the case before us, the notary public before whom the acknowledgment was originally taken, makes the correction officially, and swears to his correction in open court—the court of common pleas in the city of New York. The matter of the correction being formal and regular, the only question is, whether a notary or other officer than the clerk of a court can make corrections of mistakes as provided for in the sections cited—and the additional question, as to whether it can be done in the courts of other States. The

statutes on this subject are remedial, and in purpose intended to aid a right already acquired, but defectively evidenced · by a mistake of the officer whose duty it was properly to certify what had been actually done. In this view they should be most liberally construed in favor of the party whose right is sought to be set up by the correction.    The terms of the statute apply to clerks alone, but we think this is met by the definitions of the Code, section 55.    The term sheriff, constable, or coroner, or other word used for an executive or ministerial officer, includes any person performing the duties of such officer, either generally or in special cases.    The clerk is but a ministerial officer, and a notary public is also a ministerial officer, who by law performs the duties of the clerk in taking acknowledgment of deeds in cases like the present. The term clerk may well include a notary performing the duties of the clerk in the special cases provided for.    The liberal construction which we have assumed as proper in giving effect to the provisions · of the Code, will well justify this construction.    This being so, the correction was properly made, if it could be done before a court out of the State.    On this question we feel no difficulty in saying it may so be done. It is only intended to furnish the evidence of what had actually been done—does not create a new right, but furnishes the proper proof of one already acquired, but which fails to be evidenced properly by an omission of the officer to do his duty as required by law. It would seem, that in such a case the law might well have only required him to make the correction

of his mistake under the sanctions of his official responsibility; but as a further guarantee that he shall truthfully state what is done, he is required to verify it by an affidavit taken in open court to the truth of such correction. There can be no good reason why this should not be as well done before any other court having authority to administer the oath, as in a court of our own State. We therefore hold the verification sufficient.

We need scarcely notice the other questions made, such as the fact that the correction was made after the defective probate had been asserted by pleadings in this case. We think there is nothing in this. If the right act was done at the time, it can make no difference in this case, whether the evidence of it, intended to be furnished by the correction provided for, was made at one time or the other, as between the parties themselves. The matters presented on petition for rehearing are not of such weight as to need discussion. On the whole case, we are satisfied the deed of trust is valid and binding on the *feme covert,* and should be enforced.

A decree will be drawn to this effect, with costs to be paid out of the funds arising from the sale.